**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**DOUGLAS R. LONG**
Anderson, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**LYUBOV GORE**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

DIAMOND STAPLES,               )
                               )
    Appellant-Defendant,       )
                               )
        vs.                    )    No.  48A04-1403-CR-118
                               )
STATE OF INDIANA,              )
                               )
    Appellee-Plaintiff.        )

APPEAL FROM THE MADISON CIRCUIT COURT
The Honorable Angela Warner Sims, Judge
Cause No. 48C01-1105-FC-983

**June 30, 2014**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BAKER, Judge**

Appellant-defendant Diamond Staples appeals the trial court's revocation of her probation and argues that the trial court erred when it reinstated the remainder of her suspended sentence. Staples contends that the mitigating factors she presented at her sanctions hearing merited a lesser sanction than the 365 days imposed by the trial court. In light of Staples's failure to adhere to the requirements of her probation, we cannot say that the trial court erred in revoking her probation or in ordering her to serve the remainder of her suspended sentence. Therefore, the judgment of the trial court is affirmed.

FACTS

On May 31, 2011, Staples was charged with class C felony forgery, class D felony resisting law enforcement, class D felony battery resulting in bodily injury, and class B misdemeanor disorderly conduct. On April 16, 2012, the State filed an amended information charging Staples with class D felony theft. On May 14, 2012, pursuant to a plea agreement, Staples pleaded guilty to battery resulting in bodily injury and theft. In exchange, the other counts against her were dismissed. Staples was sentenced to two years for battery and two years for theft to be served concurrently. Staples received 154 days of actual credit time, and she was placed on probation for 422 days.

A notice of violation of probation was filed on August 6, 2012. The notice stated that Staples submitted a urine sample, which tested positive for the presence of Cannabinoids. A summons was issued for Staples to appear in court on September 10,

2

2012. She failed to appear, and a warrant was issued for her arrest. Staples turned herself in on August 5, 2013.

An evidentiary hearing on the probation violation was held on October 8, 2013. The trial court found that Staples had violated her probation by failing to abstain from the use of illicit drugs. As a result, the trial court ordered her to obtain a substance abuse evaluation within thirty days. The trial court also deferred the sanctions hearing to December 3, 2013, so that Staples could obtain the substance abuse evaluation and comply with treatment and recommendations.

On December 3, 2013, Staples failed to appear for her sanctions hearing, and another warrant was issued for her arrest. She was arrested on February 18, 2014. Staples admitted that she knew about the hearing on December 3 but said that she was unable to attend because she did not have a job or means of transportation. She also admitted that she never went to the substance abuse evaluation, and the record shows that she had not reported for alcohol and drug screenings since October 2013. The trial court ordered Staples to serve the 365 days of her previously suspended sentence at the Department of Correction (DOC).

Staples now appeals.

### DISCUSSION AND DECISION

The decision to revoke probation is within the sole discretion of the trial court. Reyes v. State, 868 N.E.2d 438, 440 (Ind. 2007). On appeal, we review that decision for an abuse of discretion. Woods v. State, 892 N.E.2d 637, 639 (Ind. 2008). We consider

only evidence most favorable to the judgment without reweighing the evidence or judging the credibility of the witnesses. Id. If we find there is substantial evidence of probative value to support the trial court's decision that a defendant violated the terms of her probation, this Court will affirm the trial court's decision to revoke probation. Id. at 639-40.

Here, Staples admitted to violating the terms of her probation. Appellant's App. p.8. Her probation was predicated on her ability to fulfill certain requirements, which included abstaining from the use of illicit drugs. Id. at 53. In light of Staples's failure to comply with these requirements and her subsequent failure to appear for both the substance abuse evaluation and her sanctions hearing, the trial court properly concluded that she was incapable of or refused to adhere to the conditions of her probation. Staples argues that she could not attend the hearing or substance abuse evaluation because she lacked a job and means of transportation, but we find this argument unavailing because finding and maintaining employment was also a condition of her probation. Id. As a result, the trial court acted well within its discretion in ordering Staples to serve the remainder of her time in the DOC.

The judgment of the trial court is affirmed.[1]

BARNES, J., and CRONE, J., concur.

---

[1] We deem moot Staples's verified motion to expedite decision, filed on June 3, 2014, because this decision has been rendered as soon as practicable.